**JARDIM MEISNER & SUSSER, P.C.**
Richard S. Meisner, Esq.
(NJ Attorney ID 038091993)
Michael V. Gilberti, Esq.
(NJ Attorney ID 02301981)
30B Vreeland Road; Suite 100
Florham Park, New Jersey 07932
(973) 845-7640
mgilberti@jmslawyers.com
Attorneys for defendants Dorothy McBride, Alison
McBride, Michael McBride and Justine Annucci.

| | | |
|---|---|---|
| DANIEL SILVERMAN and PETER MITCHELL, as Trustees and Fiduciaries of the Allied Industries Health Plan a/k/a Allied Industries Local 427 Health Plan, and ANNE AHSANUDDIN and PETER MITCHELL, as Trustees and Fiduciaries of the Allied Industries Pension Plan a/k/a Allied Industries Local 427 Pension Plan,<br><br>Plaintiffs,<br><br>v.<br><br>DOROTHY MCBRIDE, ALISON MCBRIDE a/k/a ALLISON MCBRIDE a/k/a ALLISON MARIE, MICHAEL MCBRIDE, JUSTINE ANNUCCI a/k/a JUSTINE BONOMOLO, AND NGM INSURANCE COMPANY,<br><br>Defendants. | : : : : : : : : : : : : : : : : : : : : : : : | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY CIVIL ACTION NO.: 2:22-cv-07476<br><br><br><br><br><br><br><br>**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND JURY DEMAND** |

Defendants Dorothy McBride, Alison McBride, Michael McBride and Justine Annucci

("these defendants"), by their attorneys Jardim, Meisner & Susser, P.C., answer the Complaint as

follows:

## ANSWER

These defendants deny any liability to plaintiffs or any other party based on any factual or legal theory for any alleged damage.[1]

## INTRODUCTION

1. It is admitted that this action is brought under ERISA. It is denied that these defendants have any liability to plaintiffs or any other party under ERISA or any other factual or legal theory.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. To the extent that these allegations state, suggest or imply any liability on the part of These defendants, they are denied.

7. To the extent that these allegations state, suggest or imply any liability on the part of These defendants, they are denied.

8. To the extent that these allegations state, suggest or imply any liability on the part of These defendants, they are denied.

9. Denied.

---

[1] These defendants object to the allegations and reserve their rights under *Fed. R. Civ. P.* 11 to attack this complaint because plaintiffs have apparently done little to no due diligence or investigation of their allegations. More than 60 paragraphs (nearly a third of the allegations in the complaint) are based solely "[u]pon information and belief . . ." and not on personal knowledge of any of plaintiff. Further, these paragraphs include many of the most serious allegations against these defendants, including ¶¶ 35-37, 39 (p. 6), 40-46, 48 (p. 7), 63 (p. 10), 76-83 (pp. 11-12), 85, 87-89, 91 (p. 13), 92-93, 95-97 (p. 14), 99-101, 103-104 (p. 15), 105, 107-109 (p. 16), 114, 116, 117 (p. 17)118-123 (p. 19), 133-135 (p. 20), 139, 141-143, 145 (p. 21), 146 (p. 22). These defendants reserve their right to move to strike these paragraphs. For purposes of this Answer, we are calling them "Mere Allegations").

2

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## JURISDICTION AND VENUE

16. These are legal conclusions. To the extent that they state, suggest or imply any liability on the part of These defendants, they are denied. Further, these defendants reserve their right to challenge jurisdiction based on the facts of the case as they emerge.

17. These are legal conclusions. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied. Further, These defendants reserve their right to challenge jurisdiction based on the facts of the case as they emerge.

18. These are legal conclusions. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied. Further, these defendants reserve their right to challenge venue based on the facts of the case as they emerge.

## PLAINTIFFS

19. Upon information and belief, it is admitted that Mr. Silverman and Mr. Mitchell are Trustees and Fiduciaries of the Welfare Fund. The remaining allegations are conclusions of law. Further, to the extent that these allegations state, suggest or imply any liability on the part of these defendants, they are denied. Upon information and belief, these individuals are also trustees and fiduciaries of the "Supplementary Plan," as defined below.

3

20. Upon information and belief, it is admitted that Ms. Ahsanuddin and Mr. Mitchell are Trustees and Fiduciaries of the Pension Fund. The remaining allegations are conclusions of law. Further, to the extent that these allegations state, suggest or imply any liability on the part of these defendants, they are denied. Upon information and belief, these individuals are also trustees and fiduciaries of the "Supplementary Plan," as defined below.

21. These allegations are conclusions of law. To the extent that these allegations state, suggest or imply any liability on the part of these defendants, they are denied.

22. Admitted.

23. These allegations are conclusions of law. To the extent that these allegations state, suggest or imply any liability on the part of these defendants, they are denied.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Denied as stated. It is admitted that the Pension Fund is a collectively bargained, jointly-trusteed, multi-employer plan. It is denied that it has always been administered in New York County. For many years, it was administered in New Jersey.

## FRAUD DEFENDANTS AND CO-CONSPIRATORS[2]

29. Admitted.

30. Admitted.

---

[2] These defendants deny these allegations and object to the use of these labels in these proceedings and at trial. Based on the presumption of innocence, and until evidence establishes any criminal violations beyond a reasonable doubt, they are factually and legally wrong, overly prejudicial and the prejudice outweighs any probative value or legitimate purpose. These defendants reserve the right to strike these labels.

31. Admitted.

32. Admitted.

33. Denied as stated. It is admitted that the federal government has charged Ms. McBride. The information speaks for itself. It is only an unproven charge, and Ms. McBride is presumed innocent until proven guilty beyond a reasonable doubt.

34. Denied as stated. It is admitted that the government has charged Ms. McBride and that the charge is pending. The information speaks for itself. It is only an unproven charge, and Ms. McBride is presumed innocent until proven guilty beyond a reasonable doubt.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Denied as stated. It is admitted only that Alexander Antoniades is Ms. McBride's step-brother. The remaining allegations are denied. Mr. Antoniades was a qualified participant in the Pension Fund, and his estate has rights to benefits under the Pension Fund.

43. Denied.

44. Denied as stated. It is admitted only that Sebastian Bonomolo is Justine Annucci Bonomolo's brother. The remaining allegations are denied.

45. Denied as stated. It is admitted only that Sebastian Bonomolo is related to these defendants. The remaining allegations are denied.

46. Denied as stated. It is admitted only that Ruby Winston was an acquaintance of Ms. McBride. The remaining allegations are denied.

47. Denied as stated. It is admitted only that Ruby Winston died in 2016. The remaining allegations are denied.

## INSURER DEFENDANT

48. These defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

49. These defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

## FACTUAL BASIS FOR CLAIMS

### Payment of Salary

50. Admitted.

51. Admitted.

### The Termination of Defendant Dorothy McBride's Employment

52. Denied as stated. It is only admitted that Ms. McBride was employed under a written employment contract and her employment terminated on or about July 12, 2018.

### The Welfare Fund Agreement

53. The documents speak for themselves. These allegations also contain conclusions of law. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

54. The document speaks for itself.[3] To the extent that these allegations are inconsistent with the written document, they are denied. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

55. Denied as stated. Ms. McBride's pay level was set in November 1997.

56. Admitted.

**The Pension Fund Trust Agreement**

57. The document speaks for itself.[4] To the extent that these allegations are inconsistent with the written document, they are denied. And to the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

58. Admitted.

59. Denied.

60. Denied.

61. Denied as stated. Ms. McBride's pay level was set in November 1997.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

---

[3] These defendants object to plaintiffs' failure to attach the full document to their complaint. Due to its incompleteness, it is unfair, misleading and unduly prejudicial. Further, these defendants do not waive any rights under *Fed. R. Evid.* 106.

[4] These defendants object to plaintiffs' failure to attach the full document to their complaint. Due to its incompleteness, it is unfair, misleading and unduly prejudicial. Further, these defendants do not waive any rights under *Fed. R. Evid.* 106.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

**Wrongful Welfare Fund/RX Payments**

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

**Wrongful Medical Payments Paid Out by the Welfare Fund Office**

      110.  Denied.

      111.  Denied.

      112.  Denied.

      113.  Denied.

      114.  Denied.

      115.  Denied.

**Wrongful Death Benefit Payments**

      116.  Denied.

      117.  Denied.

      118.  Denied.

      119.  Denied.

      120.  Denied.

      121.  Denied.

      122.  Denied.

      123.  Denied.

      124.  Denied.

      125.  Denied.

**Inflated Pension Fund Retirement Benefits**

      126.  Admitted.

127. The document speaks for itself.[5] To the extent that these allegations are inconsistent with the complete written document, they are denied. And to the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

128. Denied as stated. It is admitted only that Ms. McBride's employment terminated on or about July 12, 2018. Further, to the extent that these allegations state, suggest or imply any liability on the part of these defendants, they are denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

**Wrongfully Paid Disability Benefits**

133. Denied.

134. Denied.

135. Denied.

136. Denied.

**Unauthorized American Express Charges**

137. Denied.

138. Denied.

139. Denied.

140. Denied.

---

[5] These defendants object to plaintiffs' failure to attach the full document to their complaint. Due to its incompleteness, it is unfair, misleading and unduly prejudicial. These defendants do not waive any rights under *Fed. R. Evid.* 106.

11

**Unauthorized Administrative Expenses**

141. Denied.

142. Denied.

143. Denied.

144. Denied.

**Other Amounts**

145. Denied.

146. Denied.

147. Admitted.

148. Denied as stated. These allegations contain conclusions of law. It is admitted only that Ms. McBride was employed.

149. These defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

150. These defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

151. These defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

152. These defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

153. These defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

154. Denied as stated. The documents speak for themselves. Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

155. Denied as stated. The documents speak for themselves. They also contain conclusions of law. Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied as stated. The documents speak for themselves. They also contain conclusions of law. Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

160. Denied as stated. The documents speak for themselves. They also contain conclusions of law. Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

161. Denied as stated. The documents speak for themselves. They also contain conclusions of law. Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

### COUNT I - ERISA

162. These defendants incorporate by reference their responses to all previous allegations.

163. These allegations contain conclusions of law. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

164. These allegations contain conclusions of law. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

165. Denied.

166. Denied.

167. Denied.

WHEREFORE the defendants demand judgment in their favor and against plaintiffs, together with costs, reasonable attorneys' fees, pre- and post-judgment interest and such other relief as the Court deems necessary and appropriate.

### COUNT II - ERISA

168. These defendants incorporate by reference their responses to all previous allegations.

169. These allegations contain conclusions of law. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

170. Denied.

171. Denied.

WHEREFORE these defendants demand judgment in their favor and against plaintiffs, together with costs, reasonable attorneys' fees, pre- and post-judgment interest and such other relief as the Court deems necessary and appropriate.

## COUNT III – ERISA

172. These defendants incorporate by reference their responses to all previous allegations.

173. These allegations contain conclusions of law. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

174. Denied.

175. These allegations contain conclusions of law. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

WHEREFORE these defendants demand judgment in their favor and against plaintiffs, together with costs, reasonable attorneys' fees, pre- and post-judgment interest and such other relief as the Court deems necessary and appropriate.

## COUNT IV – FAITHLESS SERVANT

182. These defendants incorporate by reference their responses to all previous allegations.

183. These allegations contain conclusions of law. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

184. These allegations contain conclusions of law. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

185. These allegations contain conclusions of law. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

186. Denied.

187. Denied.

WHEREFORE these defendants demand judgment in their favor and against plaintiffs, together with costs, reasonable attorneys' fees, pre- and post-judgment interest and such other relief as the Court deems necessary and appropriate.

## COUNT V – UNJUST ENRICHMENT HAD AND RECEIVED

188. These defendants incorporate by reference their responses to all previous allegations.

189. These allegations contain conclusions of law. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

190. Denied.

191. Denied.

WHEREFORE these defendants demand judgment in their favor and against plaintiffs, together with costs, reasonable attorneys' fees, pre- and post-judgment interest and such other relief as the Court deems necessary and appropriate.

## COUNT VI – FRAUDULENT CONVEYANCE

192. These defendants incorporate by reference their responses to all previous allegations.

193. Denied.

194. Denied.

195. Denied.

WHEREFORE these defendants demand judgment in their favor and against plaintiffs, together with costs, reasonable attorneys' fees, pre- and post-judgment interest and such other relief as the Court deems necessary and appropriate.

## COUNT VII – DECLARATORY JUDGMENT

196. These defendants incorporate by reference their responses to all previous allegations.

197. Denied as stated. The documents speak for themselves. They also contain conclusions of law. Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

198. Denied as stated. The documents speak for themselves. They also contain conclusions of law. Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

199. Denied as stated. The documents speak for themselves. They also contain conclusions of law. Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

200. Denied as stated. The documents speak for themselves. They also contain conclusions of law. Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

201. Denied as stated. The documents speak for themselves. They also contain conclusions of law. Further, these defendants are without knowledge or information sufficient to

form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

202. Denied as stated. They also contain conclusions of law. Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

203. Denied as stated. The documents speak for themselves. They also contain conclusions of law. Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

204. Denied as stated. The documents speak for themselves. They also contain conclusions of law. Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

WHEREFORE these defendants demand judgment in their favor and against plaintiffs, together with costs, reasonable attorneys' fees, pre- and post-judgment interest and such other relief as the Court deems necessary and appropriate.

## COUNT VIII – BREACH OF CONTRACT

205. These defendants incorporate by reference their responses to all previous allegations.

206. Denied as stated. The documents speak for themselves. They also contain conclusions of law. Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs. To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

207.   Denied as stated.   The documents speak for themselves.   They also contain conclusions of law.  Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs.  To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

208.   Denied as stated.   The documents speak for themselves.   They also contain conclusions of law.  Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs.  To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

209.   Denied as stated.   The documents speak for themselves.   They also contain conclusions of law.  Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs.  To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

210.   Denied as stated.   The documents speak for themselves.   They also contain conclusions of law.  Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs.  To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

211.   Denied as stated.   The documents speak for themselves.   They also contain conclusions of law.  Further, these defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and leave plaintiffs to their proofs.  To the extent that they state, suggest or imply any liability on the part of these defendants, they are denied.

## PRAYER FOR RELIEF

WHEREFORE these defendants demand judgment in their favor and against plaintiffs, together with costs, reasonable attorneys' fees, pre- and post-judgment interest and such other relief as the Court deems necessary and appropriate.

## AFFIRMATIVE DEFENSES

These defendants, by their attorneys Jardim, Meisner & Susser, P.C., make the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the subject matter of this action for several reasons, including that plaintiffs and defendant have a signed agreement to arbitrate, and these defendants reserve the right to move for dismissal of plaintiffs' complaint and referral to arbitration.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a cause of action on which relief may be granted, and these defendants reserve the right to move at or before the time of trial to dismiss the complaint.

## THIRD AFFIRMATIVE DEFENSE

These defendants did not breach any agreement with or legal obligation to plaintiffs. They performed each and every common-law, contractual or statutory duty they owed to plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs sustained no loss or other damages as a result of any alleged act or omission of these defendants.

## FIFTH AFFIRMATIVE DEFENSE

The acts and omissions of a third party or third parties over whom these defendants had no control was/is the sole proximate cause or a substantial contributing factor to any cause of action, expenses, costs, losses or other damages that plaintiffs allege they have sustained.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have violated one or more provisions of ERISA, including but not limited to 29 U.S.C. § 1140.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### EIGHTH AFFIRMATIVE DEFENSE

The doctrines of estoppel, laches and/or waiver bar plaintiffs' claims.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs have "unclean hands," and that bars their claims.

### TENTH AFFIRMATIVE DEFENSE

The applicable statute of limitation bars plaintiffs' claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is "frivolous," as defined in *N.J.S.A.* 2A:15-59.1.

WHEREFORE these defendants demand judgment in their favor and against plaintiffs, together with costs, reasonable attorneys' fees, pre- and post-judgment interest and such other relief as the Court deems necessary and appropriate.

### COUNTERCLAIMS

Defendant Dorothy McBride makes these Counterclaims based on the following:

### GENERAL FACTUAL ALLEGATIONS

1.   At all relevant times, the Plan and Trust of the Allied Industries Supplementary Retirement and Severance Plan of 1988, as amended from time to time ("the Supplementary Plan"), has been in place for the benefit of certain employees of the Plan, Fund and/or Local 427.

2.  At all relevant times, the Supplementary Plan is and has been an "employee pension benefit plan" within the meaning of Section 3(2) of ERISA and/or an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA.

3.  Upon information and belief, the Supplementary Plan is either a sub-plan of the Pension Fund and/or the Welfare Plan or a separate stand-alone plan.

4.  The "Supplementary Plan Trustees" (defined below), collectively, is the Plan Administrator of the Supplementary Plan within the meaning of Section 3(16) of ERISA with the discretionary authority to manage the operation and administration of the Plan.

5.  The "Supplementary Plan Trustees," collectively, are the Fiduciaries of the Supplementary Plan within the meaning of Section 3(21) of ERISA.

6.  Upon information and belief, plaintiffs Daniel Silverman, Peter Mitchell and Anne Ahsanuddin, individually and/or collectively, are the Trustees and Fiduciaries of the Supplementary Plan (the "Supplementary Plan Trustees").

7.  At all relevant times, Ms. McBride is, was and has been a "participant" in the Supplementary Plan as defined in the Supplementary Plan and ERISA.

8.  At all relevant times, Ms. McBride is, was and has been eligible for a severance benefit under the Supplementary Plan, to be calculated under and in accordance with the Plan (the "Supplementary Plan Benefit").

9.  The Supplementary Plan provides for a severance benefit to eligible employees of the Plan, Fund and/or Local 427 union as calculated as determined under the Supplementary Plan.

10.  At all relevant times, Ms. McBride is, was and has been a "employee" of the Plan, Fund and/or Local 427 union.

11.   On or about July 12, 2018, the Plan, Fund and/or Local 427 union terminated Ms. McBride's employment.

12.   Upon her termination, Ms. McBride qualified for a severance benefit under the Supplementary Plan.

13.   Ms. McBride properly submitted her application and claim for a severance benefit under the Supplementary Plan.

14.   The Supplementary Plan Trustees have wrongfully refused to consider the claim for benefits and refused to pay Ms. McBride her Supplementary Plan Benefit for which she was qualified and eligible.

15.   Upon information and belief, the Supplementary Plan Benefit for Ms. McBride was funded in a plan account with Kearny Bank and/or American General Life Insurance Company.

16.   Ms. McBride applied for the Supplementary Plan Benefit.

17.   In a letter, dated February 28, 2019, attorney Thomas M. Kennedy, of Cohen Weiss and Simon, LLP, denied Ms. McBride the Supplementary Plan Benefit.

18.   However, the letter from counsel did not state any basis or explanation for the denial of the Supplementary Plan Benefit or identify who made the decision.

19.   Upon information and belief, either the Supplementary Plan Trustees authorized the denial or the attorney representing the Supplementary Plan Trustees made the denial without authorization.

20.   The denial of the Supplementary Plan Benefit was a Fiduciary act under ERISA.

21.   Upon information and belief, the denial was simply based on the Mere Allegations.

22.   Further, upon information and belief, plaintiffs did not make the denial of the Supplementary Plan Benefit in accordance with ERISA or the terms of the Supplementary Plan.

23. The Supplementary Plan Trustees' denial of Ms. McBride's claim for Supplementary Plan Benefit was arbitrary and capricious.

24. The Supplementary Plan Trustees have taken various actions, including acting without due authority and filing this lawsuit, for the specific and improper purpose of denying Ms. McBride her rights under ERISA and the Supplementary Plan.

25. By these actions, the Supplementary Plan Trustees have interfered with Ms. McBride's right to Supplementary Plan Benefits.

26. The Supplementary Plan Trustees have taken these actions in retaliation for Ms. McBride's proper performance of her duties as an employee and with which the Trustees disagreed after the fact.

27. The Supplementary Plan Trustees have improperly interfered with Ms. McBride's right to Supplementary Plan Benefits in retaliation for conduct based, at most, on Mere Allegations.

28. The Supplementary Plan Trustees violated their fiduciary duties under ERISA and the Supplementary Plan by failing to investigate the Mere Allegations and denying Ms. McBride benefits without legal basis.

## JURISDICTION AND VENUE

29. This Court has jurisdiction over these counterclaims under 29 U.S.C. § 1132(e)(1), ERISA § 502(e)(1), and 28 U.S.C. § 1331(a).

30. This Court may award declaratory relief under *Fed. R. Civ. P.* 57 and 65, and under 29 U.S.C. §§ 1132(a)(3)(A), and (a)(3)(B), ERISA §§ 502(a)(3)(A) and 502(a)(3)(B).

31. Venue is proper under ERISA § 502(e), 29 U.S.C. § 1132(e)(2), because the Board violated ERISA in this District.

## EXHAUSTION OF REMEDIES

24

32. "Exhaustion" of administrative plan remedies is not required because:

(a) It would be futile to seek benefits under the Supplementary Plan due to Plaintiffs' complaint;

(b) There are no written administrative remedies adopted under the Supplementary Plan;

(c) The Trustees and Fiduciaries of the Supplementary Plan have repudiated the Supplementary Plan and filed this lawsuit depriving Ms. McBride of any administrative remedies; and

(d) The issues involved in this action are only issues of law and Plaintiffs are seeking to enjoin an act and practice that allegedly violated ERISA.

## COUNTERCLAIM COUNT 1
### Wrongful Denial of ERISA Benefits under 29 U.S.C. § 1132(a)(1)(B)

33. Ms. McBride incorporates by references all previous allegations.

34. At all relevant times, Ms. McBride has been an eligible participant in the Supplementary Plan.

35. As an eligible participant in the Supplementary Plan, Ms. McBride is eligible and has, at all times, been entitled to receive Supplementary Plan Benefits.

36. The Supplementary Plan Trustees have denied Ms. McBride's claim for Supplementary Plan Benefits in violation of the written terms of the Supplementary Plan.

37. As a result, the Supplementary Plan Trustees have breached and violated the terms of the Supplementary Plan.

38. As a direct and proximate result of their unlawful denial of Ms. McBride benefits under the Supplementary Plan, Ms. McBride has sustained damages.

## COUNT 2
### Unlawful Interference with ERISA Rights in Violation of 29 U.S.C. § 1140

39. Ms. McBride incorporates by references all previous allegations.

40. At all relevant times, Ms. McBride has been an eligible participant in the Supplementary Plan.

41. As an eligible participant in the Supplementary Plan, Ms. McBride is eligible and has, at all times, been entitled to receive the Supplementary Plan benefits.

42. At all relevant times, the Supplementary Plan Trustees owed a legal obligation to qualified participants under ERISA to perform all duties and obligations consistent with ERISA.

43. The Supplementary Plan Trustees took actions in violation of the Supplementary Plan and ERISA to block, prevent and deny Ms. McBride from obtaining her vested benefits under the Supplementary Plan, including filing this lawsuit and hiring legal counsel to deny her claim for benefits.

44. The Supplementary Plan Trustees interfered with Ms. McBride's right to Supplementary Plan Benefits in retaliation for her lawful actions as an employee with which the Trustees did not agree and based on Mere Allegations.

45. As a result, the Supplementary Plan Trustees have knowingly, willfully and intentionally interfered with Ms. McBride's benefits under the Supplementary Plan.

46. As a direct and proximate result of the Supplementary Plan Trustees' unlawful interference with Ms. McBride's rights and benefits under ERISA, she has sustained damages.

## PRAYER FOR RELIEF

WHEREFORE defendant Dorothy McBride demands judgment in her favor and against defendants as follows:

(1) A judgment declaring that the Supplementary Plan is an employee benefit plan subject to ERISA;

(2) A judgment declaring that Ms. McBride is, was and has been a qualified employee and participant in the Supplementary Plan;

(3) A judgment declaring that the Supplementary Plan Trustees violated her rights under the terms of the Supplementary Plan and in violation of Section 510 of ERISA by interfering with her right to obtain benefits;

(4) An order requiring the Supplementary Plan Trustees and their agents, servants and employees to calculate the accrued benefits due and owing to Ms. McBride as Supplementary Plan Benefit;

(5) Compensatory damages, including an award of past and future benefits under the Supplementary Plan Benefit under the Supplementary Plan;

(6) Punitive damages;

(7) Costs of suit as ERISA requires;

(8) Reasonable attorneys' fees as provided for under ERISA;

(9) Pre- and post-judgment interest; and

(10)  Such other relief, including equitable relief, as the Court deems necessary and proper.

**JARDIM, MEISNER & SUSSER, P.C.**
Attorneys for defendants Dorothy McBride, Alison
McBride, Michael McBride and Justine Annucci.

By: _____

Michael V. Gilberti

Dated:  February 15, 2023