Adam P. Friedman
Scott W. Lichtenstein
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 325-1500
Attorneys for Defendant
*NGM Insurance Company*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| DANIEL SILVERMAN and PETER MITCHELL, as Trustees and Fiduciaries of the Allied Industries Health Plan a/k/a Allied Industries Local 427 Health Plan, and ANNE AHSANUDDIN and PETER MITCHELL, as Trustees and Fiduciaries of the Allied Industries Pension Plan a/k/a Allied Industries Local 427 Pension Plan, : : : : : : : : : | **ANSWER TO FIRST AMENDED COMPLAINT WITH COUNTERCLAIMS AND CROSS-CLAIMS**  Case No.: 22-cv-07476-CCC-ESK |
| Plaintiffs, : | |
| : | |
| vs. : | |
| : | |
| DOROTHY MCBRIDE, ALISON MCBRIDE a/k/a ALLISON MCBRIDE a/k/a ALLISON MARIE, MICHAEL MCBRIDE, JUSTINE ANNUCCI a/k/a JUSTINE BONOMOLO, and NGM INSURANCE COMPANY, : : : : : | |
| : | |
| Defendants. : | |

---

The defendant, **NGM INSURANCE COMPANY** ("NGM"), as and for its Answer to the First Amended Complaint, alleges as follows:

**Answering the section entitled "Introduction"**

1.      NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.      NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.      NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.      NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.      NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, begs leave to refer to the subject Trust Agreements for their contents, which speak for themselves, and begs leave to refer all questions of law to the Court.

6.      NGM denies the allegations contained in paragraph 6 except it admits that it provided ERISA Dishonesty Bonds to the "Pension Fund" and the "Welfare Fund", as defined in the First Amended Complaint, and begs leave to refer to these Bonds for their terms and conditions, which speak for themselves.

7.      NGM denies the allegations contained in paragraph 7 except it admits, that on or about October 3, 2014, it provided an ERISA Dishonesty Bond to the Pension Fund, number F-834801, and begs leave to refer to this Bond for its terms and conditions, which speak for themselves.

8.      NGM denies the allegations contained in paragraph 8 except it admits that, on or about October 1, 2018, it replaced the 2014 ERISA Dishonesty Bond number F-834801 with a new form of bond containing different terms, and begs leave refer to this Bond for its terms and conditions, which speak for themselves.

9.      NGM denies the allegations contained in paragraph 9 except it admits that, on or about October 3, 2014, it provided an ERISA Dishonesty Bond to the Welfare Fund, number F-

834803, and begs leave to refer to this Bond for its terms and conditions, which speak for themselves.

10.     NGM denies the allegations contained in paragraph 10 except it admits that, on or about October 1, 2018, it replaced the 2014 ERISA Dishonesty Bond number F-834803 with a new form of bond containing different terms, and begs leave refer to this Bond for its terms and conditions, which speak for themselves.

11.     NGM denies the allegations contained in paragraph 11, begs leave to refer to the Bonds for their terms and conditions, which speak for themselves, and begs leave to refer all questions of law to the Court.

12.     NGM denies the allegations contained in paragraph 12, begs leave to refer to the Bonds for their terms and conditions, which speak for themselves, and begs leave to refer all questions of law to the Court.

13.     NGM denies the allegations contained in paragraph 13, begs leave to refer to the Bonds for their terms and conditions, which speak for themselves, and begs leave to refer all questions of law to the Court.

14.     NGM denies the allegations contained in paragraph 14.

15.     NGM denies the allegations contained in paragraph 15 and begs leave to refer all questions of law to the Court.

16.     NGM denies the allegations contained in paragraph 16 and begs leave to refer all questions of law to the Court.

17.     In response to paragraph 17, NGM denies that it "wrongfully denied coverage and must provide coverage for the Losses under the Bonds, up to the limits of liability."

**Answering the section entitled "Jurisdiction and Venue"**

18.     NGM admits the allegations contained in paragraph 18.

19.     NGM admits the allegations contained in paragraph 19.

20.     NGM denies the allegations contained in paragraph 20 and begs leave to refer all questions of law to the Court.

**Answering the section entitled "Plaintiffs"**

21.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and begs leave to refer all questions of law to the Court.

22.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and begs leave to refer all questions of law to the Court.

23.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and begs leave to refer all questions of law to the Court.

24.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and begs leave to refer all questions of law to the Court.

26.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and begs leave to refer all questions of law to the Court.

29.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and begs leave to refer all questions of law to the Court.

**Answering the section entitled "Fraud Defendants and Co-Conspirators"**

31.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and begs leave to refer all questions of law to the Court.

35.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and begs leave to refer all questions of law to the Court.

36.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

**<u>Answering the section entitled "Insurer Defendant"</u>**

50.     NGM admits the allegations contained in paragraph 50.

51.     NGM admits the allegations contained in paragraph 51.

**<u>Answering the section entitled "Factual Basis for Claims"</u>**

52.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and begs leave to refer to the referenced Welfare Fund Trust Agreement for its contents, which speak for themselves.

56.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and begs leave to refer to the referenced Welfare Fund Trust Agreement for its contents, which speak for themselves.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

57.     NGM admits the allegations contained in paragraph 57 upon information and belief.

58.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and begs leave to refer to the referenced Pension Fund Trust Agreement for its contents, which speak for themselves.

59.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and begs leave to refer to the referenced Pension Fund Trust Agreement for its contents, which speak for themselves.

60.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61.     NGM admits the allegations contained in paragraph 61 upon information and belief.

62.     NGM admits the allegations contained in paragraph 62 upon information and belief.

63.     NGM admits the allegations contained in paragraph 63 upon information and belief.

64.     NGM admits the allegations contained in paragraph 64 upon information and belief.

65.     NGM admits the allegations contained in paragraph 65 upon information and belief.

66.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 66.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

67.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 67.

68.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 68.

69.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 72.

73.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 74.

75.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

76.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

80.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 81.

82.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

83.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.

84.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 and begs leave to refer all questions of law to the Court.

86.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 and begs leave to refer all questions of law to the Court.

87.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 87.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

88.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.

89.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 and begs leave to refer all questions of law to the Court.

90.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 92.

93.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 and begs leave to refer all questions of law to the Court.

94.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 94.

95.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 95.

96.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 96.

97.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 and begs leave to refer all questions of law to the Court.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

98.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 and begs leave to refer all questions of law to the Court.

99.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 99.

100.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 100.

101.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 and begs leave to refer all questions of law to the Court.

102.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 102.

103.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 103.

104.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 104.

105.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 and begs leave to refer all questions of law to the Court.

106.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 106.

107.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 107.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

108.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 108.

109.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 and begs leave to refer all questions of law to the Court.

110.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

111.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 111.

112.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 and begs leave to refer to the referenced Welfare Fund Policy for its contents, which speak for themselves.

113.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 113.

114.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 114.

115.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

116.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

117.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 and begs leave to refer all questions of law to the Court.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

118.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 118.

119.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 119.

120.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 120.

121.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 121.

122.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 122.

123.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 123.

124.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 124.

125.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 125.

126.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 and begs leave to refer all questions of law to the Court.

127.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 and begs leave to refer to the referenced Retirement Declaration for its contents, which speak for themselves.

14

128.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 and begs leave to refer to the referenced "governing document" for its contents, which speak for themselves.

129.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 129.

130.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 130.

131.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 and begs leave to refer to the referenced "Plan document" for its contents, which speak for themselves.

132.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 and begs leave to refer to the referenced "Plan document" for its contents, which speak for themselves.

133.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 133.

134.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 and begs leave to refer all questions of law to the Court.

135.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 135.

136.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 136.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

137.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 137.

138.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 and begs leave to refer all questions of law to the Court.

139.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 139.

140.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 140.

141.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 141.

142.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 and begs leave to refer all questions of law to the Court.

143.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 143.

144.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 144.

145.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 145.

146.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 and begs leave to refer all questions of law to the Court.

16

147.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 147.

148.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 148.

149.    NGM denies the allegations contained in paragraph 149 except it admits that it provided the Bonds to the Funds and begs leave to refer to the Bonds for their terms and conditions, which speak for themselves.

150.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 and begs leave to refer to the Bonds for their terms and conditions, which speak for themselves.

151.    NGM denies the allegations contained in paragraph 151 except it admits receiving certain correspondence sent on behalf of the Funds and begs leave to refer to such correspondence for its contents, which speak for themselves.

152.    NGM denies the allegations contained in paragraph 152, begs leave to refer to the Bonds for their terms and conditions, which speak for themselves, and begs leave to refer all questions of law to the Court.

153.    NGM denies the allegations contained in paragraph 153 except it admits that it received a "Proof of Loss" and documentation from counsel for the Funds in connection with the Pension Plan's alleged loss from the "Fraudulent Scheme" (as defined in the First Amended Complaint) under cover of October 2, 2019, and begs leave to refer thereto for its contents, which speak for themselves.

154.    NGM denies the allegations contained in paragraph 154 except it admits that it received a "Proof of Loss" and documentation from counsel for the Funds in connection with the

17

Welfare Plan's alleged loss from the "Fraudulent Scheme" (as defined in the First Amended Complaint) under cover of November 8, 2019, and begs leave to refer thereto for its contents, which speak for themselves.

155.     NGM denies the allegations contained in paragraph 155 except it admits that Dorothy McBride, on behalf of the Funds, signed the applications for the Bonds in October 2014; that, in the applications, she, acting on behalf of the Funds, represented that the Funds had not sustained any dishonesty losses in the prior six years; and begs leave to refer to the applications for their contents, which speak for themselves.

156.     NGM denies the allegations contained in Paragraph 156 and begs leave to refer to the Bonds for their terms and conditions, which speak for themselves.

157.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 157, begs leave to refer to the Bonds for their terms and conditions, which speak for themselves, and begs leave to refer all questions of law to the Court.

158.     NGM denies the allegations contained in paragraph 158 upon information and belief.

159.     NGM denies the allegations contained in paragraph 159 and begs leave to refer all questions of law to the Court.

160.     NGM denies the allegations contained in paragraph 160 and begs leave to refer all questions of law to the Court.

161.     NGM denies the allegations contained in paragraph 161 and begs leave to refer all questions of law to the Court.

18

162.    NGM denies the allegations contained in paragraph 162 except it admits that it has not issued payment to the Funds on account of the facts alleged in the First Amended Complaint and that it is seeking a judgment declaring that the Bonds are rescinded.

163.    NGM admits the allegations contained in paragraph 163.

**Answering "Count I – ERISA"**

164.    NGM repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

165.    NGM neither admits nor denies the allegations contained in paragraph 165 and begs leave to refer to the subject statute for its contents, which speak for themselves.

166.    NGM neither admits nor denies the allegations contained in paragraph 166 and begs leave to refer to the subject statute for its contents, which speak for themselves.

167.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 and begs leave to refer all questions of law to the Court.

168.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 168 and begs leave to refer all questions of law to the Court.

169.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 and begs leave to refer all questions of law to the Court.

**Answering "Count II – ERISA"**

170.    NGM repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

171.     NGM neither admits nor denies the allegations contained in paragraph 171 and begs leave to refer to the subject statute for its contents, which speak for themselves.

172.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 172 and begs leave to refer all questions of law to the Court.

173.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 173 and begs leave to refer all questions of law to the Court.

**Answering "Count III – ERISA"**

174.     NGM repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

175.     NGM neither admits nor denies the allegations contained in paragraph 175 and begs leave to refer to the subject statute for its contents, which speak for themselves.

176.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 176 and begs leave to refer all questions of law to the Court.

177.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 177 and begs leave to refer all questions of law to the Court.

178.     NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 178 and begs leave to refer all questions of law to the Court.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

179.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 179 and begs leave to refer all questions of law to the Court.

180.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 180.

181.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 181 and begs leave to refer all questions of law to the Court.

182.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 and begs leave to refer all questions of law to the Court.

183.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 183 and begs leave to refer all questions of law to the Court.

**Answering "Count IV – Faithless Servant"**

184.    NGM repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

185.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 185 and begs leave to refer all questions of law to the Court.

186.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 186 and begs leave to refer all questions of law to the Court.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

187.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 187 and begs leave to refer all questions of law to the Court.

188.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 188 and begs leave to refer all questions of law to the Court.

189.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 189 and begs leave to refer all questions of law to the Court.

**Answering "Count V – Unjust Enrichment/Money Had and Received"**

190.    NGM repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

191.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 191 and begs leave to refer all questions of law to the Court.

192.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 192 and begs leave to refer all questions of law to the Court.

193.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 193 and begs leave to refer all questions of law to the Court.

**Answering "Count VI – Fraudulent Conveyance"**

194.    NGM repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

22

195.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 and begs leave to refer all questions of law to the Court.

196.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 196 and begs leave to refer all questions of law to the Court.

197.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 197 and begs leave to refer all questions of law to the Court.

## Answering "Count VII – Declaratory Judgment"

198.    NGM repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

199.    In response to paragraph 199, NGM denies that the Funds are entitled to declaratory relief against NGM.

200.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 200 except it admits that it disputes that it is obligated "to pay for the Funds' losses caused by the Fraudulent Scheme, pursuant to the terms and conditions of the Bonds."

201.    NGM denies the allegations contained in paragraph 201 except it admits that it is entitled to rescind the Bonds and denies knowledge and information as to what the Funds contend.

202.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 202, begs leave to refer to the Bonds for their terms and conditions, which speak for themselves, and begs leave to refer all questions of law to the Court.

23

203.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 203 except it denies that the Funds "have complied with all terms and conditions of the Bonds" and begs leave to refer to the Bonds for their terms and conditions, which speak for themselves.

204.    NGM admits the allegations contained in paragraph 204.

205.    NGM denies the allegations contained in paragraph 205, begs leave to refer to the Bonds for their terms and conditions, which speak for themselves, and begs leave to refer all questions of law to the Court.

206.    NGM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 206.

### Answering "Count VIII – Breach of Contract"

207.    NGM repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

208.    NGM denies the allegations contained in paragraph 208 and begs leave to refer to the Bonds for their terms and conditions, which speak for themselves.

209.    NGM denies the allegations contained in paragraph 209 and begs leave to refer to the Bonds for their terms and conditions, which speak for themselves.

210.    NGM denies the allegations contained in paragraph 210, begs leave to refer to the Bonds for their terms and conditions, which speak for themselves, and begs leave to refer all questions of law to the Court.

211.    NGM denies the allegations contained in paragraph 211.

212.    NGM denies the allegations contained in paragraph 212.

213.    NGM denies the allegations contained in paragraph 213.

CHIESA SHAHINIAN & GIANTOMASI PC • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

**First Affirmative Defense**

214.    The First Amended Complaint fails to state a cause of action against NGM upon which relief can be granted.

**Second Affirmative Defense**

215.    The claims against NGM are barred by the applicable limitations period.

**Third Affirmative Defense**

216.    The Bonds provide that the Funds cannot bring an action against NGM "[u]nless you and the Plan Sponsor have complied with all the terms of the [Bonds]."

217.    The Funds have not complied with all of the terms of the Bonds.

218.    The Bonds each require that "[a]fter you or the Plan Sponsor discover a loss or a situation that may result in a loss you or the Plan Sponsor must . . . [n]otify us as soon as possible."

219.    The Funds did not provide notice "as soon as possible".

220.    The Bonds also require that the Funds "cooperate with us in the investigation and settlement of any claim."

221.    The Funds did not cooperate with NGM's attempt to investigate the claims.

222.    The Bonds also require that the Funds submit a detailed, sworn proof of loss within 120 days of discovering a loss or a situation that may result in a loss.

223.    Neither of the Funds submitted a sworn proof of loss within 120 days of either discovering the loss or discovering facts indicating that a loss may result.

224.    The Funds' failure to satisfy these conditions precedent require dismissal of the claims against NGM.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

**Fourth Affirmative Defense**

225.    The Funds provided materially false information in their applications for the Bonds.

226.    NGM would not have provided the Bonds had the Funds provided accurate information in their applications for the Bonds.

227.    The claims against NGM must be dismissed because the Bonds are rescinded or are subject to rescission, as alleged in the Counterclaim.

**Fifth Affirmative Defense**

228.    The claims against NGM are barred to the extent they seek amounts not covered by the Bonds.

**Sixth Affirmative Defense**

229.    The claims against NGM are barred to the extent that the alleged losses did not result directly from a covered cause of loss.

**Seventh Affirmative Defense**

230.    If the Court determines that NGM is liable to the Funds, its liability is strictly limited to the limit of coverage stated in the applicable Bond less the corresponding deductible.

**Eighth Affirmative Defense**

231.    The claims against NGM are barred to the extent that the Funds failed to mitigate their damages.

**Ninth Affirmative Defense**

232.    The claims against NGM are barred because the Funds prejudiced NGM's right of subrogation.

26

**WHEREFORE,** NGM demands judgment dismissing the First Amended Complaint as against it and awarding it its costs, expenses, attorney's fees, disbursements, and such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

NGM, as and for its Counterclaims, alleges as follows:

### First Counterclaim

233.     Upon information and belief, defendant Dorothy McBride was employed by the Welfare Fund as its Administrator as early as 2012, until her employment was terminated on July 11, 2018.

234.     Upon information and belief, defendant Dorothy McBride was employed by the Pension Fund as its Administrator as early as 2012, until her employment was terminated on July 11, 2018.

235.     On or about October 3, 2014, NGM issued an ERISA Dishonesty Bond, Bond No. F-834801, with a per-occurrence limit of $500,000.00, in favor of the Pension Fund, a copy of which is attached to the First Amended Complaint as Exhibit A.

236.     Or about October 1, 2018, NGM replaced ERISA Dishonesty Bond No. F-834801 with a new bond form, also with a per occurrence limit of $500,000.00, for the period beginning on October 1, 2018, and continuing until cancelled or terminated ("the Pension Fund Bond").   A copy of the Pension Fund Bond is attached to the First Amended Complaint as Exhibit B.

237.     On or about October 3, 2014, NGM issued an ERISA Dishonesty Bond, Bond No. F-834803, in favor of the Welfare Fund, a copy of which is attached to the First Amended Complaint as Exhibit C.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

238.    Or about October 1, 2018, NGM replaced ERISA Dishonesty Bond No. F-834803 with a new bond form, also with a per occurrence limit of $500,000.00, for the period beginning on October 1, 2018, and continuing until cancelled or terminated ("the Welfare Fund Bond" and, with the Pension Fund Bond, "the Bonds").  A copy of the Welfare Fund Bond is attached to the First Amended Complaint as Exhibit D.

239.    The Bonds provide coverage for "loss of money, securities or other property resulting directly from fraud or dishonesty committed by a covered person" sustained by the insured at any time and discovered by it during the policy period (or an extended period not relevant here).

240.    On or about October 2, 2014, and prior to NGM's issuance of any bonds on behalf of the Funds, Dorothy McBride, acting on behalf of the Funds, completed and signed two ERISA Blanket Bond Applications in connection with the Funds' application for ERISA dishonesty coverage from NGM ("the Applications") (copies annexed as Exhibits "1" and "2").

241.    Dorothy McBride signed each Application in her capacity as the Administrator for each of the Funds.

242.    Each Application asked whether the applicant fund had "suffered any Dishonesty Losses during the past 6 years."

243.    On each of the Applications, Dorothy McBride answered this question by checking the box for "no."

244.    On each of the Applications, Dorothy McBride certified that "[t]o the best of the applicant's knowledge and belief, applicant has no information of any dishonest act committed by any trustees/employees either before or after becoming an [sic] trustee/employee of the applicant."

28

245.    The representations that the Funds had not suffered any dishonesty losses during the past six years were false.

246.    Dorothy McBride had wrongfully obtained unauthorized salary and/or bonus payments from the Funds prior to October 2, 2014.

247.    Dorothy McBride's knowledge of her dishonesty is imputed to the Funds.

248.    The Funds, through Dorothy McBride, acknowledged the Fraud Warning on the Applications, which states:

> INSURANCE FRAUD – ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION OR CONCEALS FOR THE PURPOSE OF MISLEADING INFORMATION CONCERNING ANY FACT MATERIAL THERETO COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME, AND SUBJECTS SUCH PERSON TO CRIMINAL AND CIVIL PENALTIES.

249.    The misrepresentations in the Applications were material.

250.    NGM relied upon the misrepresentations in the Applications in agreeing to provide the Bonds.

251.    NGM would not have issued the Bonds in the same manner and for the same premium had the Funds answered the questions on the Applications truthfully.

252.    The Funds fraudulently induced NGM to issue the Bonds.

253.    NGM is entitled to rescind the Bonds, rendering them void *ab initio*.

**WHEREFORE,** NGM demands judgment pursuant to 28 U.S.C. § 2201 *et. seq.,* declaring (a) that the Bonds are rescinded and void *ab initio* and (b) that NGM is not liable to the Funds on account of any of the allegations contained in the First Amended Complaint, and

29

awarding it its costs, expenses, attorney's fees, disbursements, and such other and further relief as the Court deems just and proper.

## Second Counterclaim

254.    NGM repeats and reasserts the allegations contained in Paragraphs 233 through 253 with the same force and effect as if set forth at length.

255.    Condition 3 of the Bonds, set forth in Section E, provides:

### 3.  Concealment, Misrepresentation or Fraud

This Policy is void in any case of fraud by you as it relates to this Policy at any time.  It is also void if any Insured or the Plan Sponsor, at any time, intentionally conceals or misrepresents a material fact concerning:

a.  This insurance;

b.  The covered property;

c.  Your interest in the covered property; or

d.  A claim under this insurance.

256.    The Funds made material misrepresentations in the Applications.

257.    The Applications were submitted to induce NGM to issue the Bonds.

258.    Pursuant to Condition 3, the Bonds are void as a result of the Funds' intentional concealment and misrepresentation of material facts.

**WHEREFORE,** NGM demands judgment pursuant to 28 U.S.C. § 2201 *et. seq.,* declaring (a) that the Bonds are void *ab initio* and (b) that NGM is not liable to the Funds on account of any of the allegations contained in the First Amended Complaint, and awarding it its costs, expenses, attorney's fees, disbursements, and such other and further relief as the Court deems just and proper.

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500

## CROSS-CLAIMS

NGM, as and for its Cross-Claims against defendants Dorothy McBride, Alison McBride, Michael McBride, and Justine Annucci (collectively, "the Co-Defendants"), alleges as follows:

### First Cross-Claim

259.    Should judgment be entered against NGM or should NGM issue payment to the Funds in connection with any of the allegations in the First Amended Complaint, then NGM will subrogate to the Funds' rights and claims against the Co-Defendants.

**WHEREFORE,** NGM demands judgment against the Co-Defendants in the amount of any judgment entered against it or in the amount of any payment that it makes to the Funds in connection with any of the allegations in the First Amended Complaint, plus its costs, expenses, attorney's fees, disbursements, and such other and further relief as the Court deems just and proper.

### Second Cross-Claim

260.    The Funds' claims against NGM arise out of the alleged dishonest and fraudulent acts committed by Co-Defendants, as alleged in the First Amended Complaint.

261.    Any judgment entered against NGM or any payment that NGM makes to the Funds in connection with the allegations in the First Amended Complaint will be the result of the actions of the Co-Defendants.

262.    The Co-Defendants are primarily liable to the Funds for the losses that the Funds allege to have sustained as a result of the Co-Defendants' alleged dishonest and fraudulent acts.

263.    Any liability of NGM to the Funds for such losses is secondary to the Co-Defendants' primary liability.

264.    NGM has a common law right to be indemnified by the Co-Defendants.

31

**WHEREFORE,** NGM demands judgment against the Co-Defendants in the amount of any judgment entered against it or in the amount of any payment that it makes to the Funds in connection with any of the allegations in the First Amended Complaint, plus its costs, expenses, attorney's fees, disbursements, and such other and further relief as the Court deems just and proper.

**CHIESA SHAHINIAN & GIANTOMASI PC**
Attorneys for Defendant
*NGM Insurance Company*


By: ____/s Adam P. Friedman_____
        Adam P. Friedman

Dated: April 5, 2023

## **Certification Pursuant to Local Civil Rule 11.2**

Adam P. Friedman, a resident of the United States, certifies as follows:

1.       I am a member of Chiesa Shahinian & Giantomasi PC, attorneys for the defendant, NGM Insurance Company.  I am fully familiar with the facts and circumstances set forth below.

2.       To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, except for *United States v. Dorothy McBride,* Case No. 21-mj-09051-CLW, which is a criminal action pending against defendant Dorothy McBride involving, upon information and belief, the allegations of wrongdoing contained in the First Amended Complaint.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.  Executed on April 5, 2023.

_____*/s Adam P. Friedman*_____
Adam P. Friedman

**CHIESA SHAHINIAN & GIANTOMASI PC** • 105 Eisenhower Parkway • Roseland, New Jersey 07068 • (973) 325-1500