**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**Stacey D. Adams**<br>UNITED STATES MAGISTRATE JUDGE | FRANK R. LAUTENBERG U.S. POST<br>OFFICE & COURTHOUSE BUILDING<br>2 FEDERAL SQUARE<br>NEWARK, NJ 07102<br>973-645-6121 |

September 16, 2024

**LETTER ORDER**

RE:   **Silverman et al. v. McBride et al.,**
      **Civil Action No. 22-cv-7476 (CCC) (SDA)**

Dear Counsel:

Pending before the Court is a motion filed by Richard Meisner, Esq. of Jardim, Meisner & Susser, P.C. ("Jardim Meisner") seeking permission to for his firm to withdraw as counsel for Defendants Dorothy McBride, Alison McBride, Michael McBride and Justine Annucci (collectively, "Defendants"). Neither party opposes the motion. The motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered Mr. Meisner's written submissions, the Motion to Withdraw is **GRANTED.**

"The standards for assessing whether an attorney may be relieved of his representation of his client in a pending case are set forth in Local Civil Rule 102.1 and Rules of Professional Conduct 1.16." *United States v. Knight*, No. 22-790, 2023 U.S. Dist. LEXIS 215827 *4 (D.N.J. 2023). "Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." L. Civ. R. 102.1. A lawyer may withdraw from representing a client if "withdrawal can be accomplished without material adverse effect on the interests of the client." N.J. R.P.C. 1.16(b)(1).

In reviewing a motion to withdraw as counsel, the Court must consider the following: "(1) the reason the withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal may delay the resolution of the case." *U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Applying the relevant standards here, Jardim Meisner has a legitimate reason for withdrawal – it has not received payment from Defendants since August 7, 2023, and should not be required to represent Defendants at no cost. The withdrawal will not cause prejudice to any party involved in the litigation as no party has opposed the Motion to Withdraw and the remaining Defendant, NGM Insurance Company, will remain represented by its own counsel. There is no trial date set and the withdrawal will not cause harm to the administration of justice. The Court will provide Defendants with thirty (30) days to retain new counsel, which should not cause any unreasonable delay to the resolution of the case.

Accordingly, Jardim Meisner's Motion to Withdraw as Counsel is **GRANTED.** Defendants have until October 16, 2024 to retain new counsel and for their new counsel to enter an appearance on the record. The status conference currently scheduled for October 4, 2024, at ECF No. 89, is hereby rescheduled for **November 12, 2024 at 3:00 p.m.** before Magistrate Judge Stacey Adams IN PERSON at the Frank R. Lautenberg Post Office and U.S. Courthouse, 2 Federal Square, Courtroom 9, Newark, NJ 07102.

The Clerk of Court is directed to terminate the motion at ECF No. 84. It is **SO ORDERED.**

        *s/ Stacey D. Adams*
        **STACEY D. ADAMS, U.S.M.J.**

Orig:   Clerk
cc:     Counsel of Record (via ECF)