UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL SILVERMAN**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **DOROTHY McBRIDE**, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-7476 (CCC) (SDA) <br><br> **OPINION AND ORDER** <br><br> November 17, 2025 |

**STACEY D. ADAMS**, United States Magistrate Judge.

**THIS MATTER** having come before this Court for a final pretrial conference and a return on an Order to Show Cause (ECF No. 168) on November 5, 2025 with Michael Adler, Esq., Bruce Levine, Esq. and Kelly Malloy, Esq. appearing on behalf of Plaintiffs Daniel Silverman and Peter Mitchell (as trustees and fiduciaries of the Allied Local 474 Health Plan), and Anne Lutz and Peter Mitchell (as trustees and fiduciaries of the Allied Industries Pension Plan a/k/a Allied Industries Local 427 Pension Plan) (collectively, "Plaintiffs"); and Scott Lichtenstein, Esq. appearing on behalf of Defendant NGM Insurance Company ("NGM"); and Jay McCann, Esq. appearing on behalf of Defendants Dorothy McBride ("Dorothy"), Alison McBride ("Alison"), and Justine Annucci ("Justine"); and Defendant Michael McBride ("Michael"), *pro se*, not appearing; and Michael Gilberti, Esq., former counsel for Defendants Dorothy, Alison, Justine, and Michael (together, the "McBride Defendants"); and the Court having reviewed the submissions of counsel at ECF Nos. 163, 166, 175, 176, and 177; and

**WHEREAS,** the original Complaint in this matter was filed on December 27, 2022 (ECF No. 1); and

1

**WHEREAS**, on February 8, 2023, NGM filed an answer with counterclaims against Plaintiff and Cross-Claims against the McBride Defendants (ECF No. 16); and

**WHEREAS**, on February 15, 2023, Michael Gilberti, Esq. filed an Answer and Affirmative Defenses on behalf of the McBride Defendants and further asserted two counterclaims on behalf of Dorothy only (ECF No. 19); and

**WHEREAS**, on March 1, 2023, Plaintiffs filed an Answer to NGM's counterclaims (ECF No. 29); and

**WHEREAS,** on March 8, 2023, Plaintiffs filed an Answer to Dorothy's counterclaims (ECF No. 30); and

**WHEREAS,** on March 8, 2023, Michael Gilberti, Esq. filed an Answer to NGM's Cross-Claims on behalf of the McBride Defendants and further asserted Cross-Claims by the McBride Defendants against NGM (ECF No. 32); and

**WHEREAS**, on March 8, 2023, Plaintiffs filed an Amended Complaint (ECF No. 34);

**WHEREAS**, on March 21, 2023, Michael Gilberti, Esq. filed an Answer to the Amended Complaint on behalf of the McBride Defendants, which notably did not contain any counterclaims or Cross-Claims (ECF No. 39); and

**WHEREAS**, on April 5, 2023, NGM filed an Answer to the Amended Complaint, as well as a counterclaim against Plaintiffs and Cross-Claims against the McBride Defendants (ECF No. 43); and

**WHEREAS**, on April 19, 2023, the Court issued an Order clarifying that "[t]he McBride Defendants' Answer to NGM's Cross-Claims (ECF Doc. No. 32) is deemed to be their Answer to the Cross-Claims alleged in NGM's Answer to the First Amended Complaint with Counterclaims and Cross-Claims (ECF No. 43)"; and

**WHEREAS**, on April 26, 2023, NGM filed an Answer to the Cross-Claims previously asserted by the McBride Defendants in ECF No. 32 (ECF No. 46); and

**WHEREAS**, on April 26, 2023, Plaintiff filed an Answer to NGM's counterclaim (ECF No. 47); and

**WHEREAS**, Michael Gilberti, Esq. continuously represented the McBride Defendants in this matter until his firm, Jardim Meisner Salmon Sprague & Susser, P.C. (the "Jardim Firm") filed a motion to withdraw on June 12, 2024 (ECF No. 84) wherein Richard Meisner, Esq. certified to the Court that the Jardim Firm "notified Defendants" it would be seeking leave to withdrawal as counsel (ECF No. 84-1 ¶ 12) and further certified that the motion and all supporting papers had been served by email, first class mail, and certified mail on all of the McBride Defendants (ECF No. 84-2); and

**WHEREAS**, having received no opposition to the motion by any of the McBride Defendants or other parties, on September 18, 2024 the undersigned granted the Jardim Firm's motion to withdraw as counsel (ECF No. 92); and

**WHEREAS**, on May 30, 2025, counsel for NGM notified the Court it had settled its claims with Plaintiffs and further advised that, while NGM had not reached a settlement with the McBride Defendants, NGM was willing to dismiss its Cross-Claims against the McBride Defendants without prejudice (ECF No. 121). Enclosed with that letter was a Stipulation dismissing, without prejudice, the Cross-Claims asserted between NGM and the McBride Defendants (ECF No. 121-1). However, counsel for NGM explained they were unable to obtain Michael's signature on the Stipulation because he had been "institutionalized for years due to various mental health conditions" (ECF No. 121). NGM's counsel requested that the Court nevertheless "So Order" the Stipulation, without Michael's signature (*Id.*), which the Court declined to do at that time without further input about Michael's status; and

3

**WHEREAS**, on June 16, 2025, NGM submitted two stipulations to the Court, a Stipulation of Dismissal as to the claims between NGM and Plaintiffs, and another copy of the stipulation that was previously submitted as between NGM and the McBride Defendants, but still missing the signature of Michael (ECF Nos. 127 and 127-1). Counsel again expressed their understanding that Michael had been institutionalized for years with mental health conditions, could not be contacted, and had not participated in the action since the withdrawal of his former counsel, Michael Gilberti, Esq. and the Jardim Firm, on September 18, 2024 (*Id.*); and

**WHEREAS**, on July 25, 2025, a notice of appearance was entered by Jay McCann, Esq. on behalf of Dorothy only (ECF No. 155);[1] and

**WHEREAS**, on September 16, 2025, NGM's counsel wrote a letter to the Court indicating they had spoken to Mr. Gilberti who advised:

> [W]e were acting on Michael McBride's behalf based on directions from Dorothy McBride. According to our discovery responses, Michael McBride is Ms. McBride's nephew and is 100% disabled and is in a facility… Based on this fact and the fact that he played no part in any of the events underlying/outlined in the complaint, we accepted Ms. McBride's representation that she was acting for him and did not view it as being worth the time and money to formally have a guardian or other person appointed to represent him.
> \* \* \*
> To determine whether there exists a power of attorney for Mr. McBride and/or by what right/power Ms. McBride is/was acting for him or on his behalf, you will have to ask Ms. McBride.

(ECF No. 163).

The letter continued that Dorothy's current counsel, Jay McCann, Esq., told NGM's counsel that Dorothy "does not hold any Power of Attorney or other power for Michael McBride. She reiterates that she does not know his location and has not seen him in 25 years." (*Id.*); and

---

[1] In subsequent correspondence to the Court, Mr. McCann advised he also represents Justine and Alison, but no formal notice of appearance has ever been entered by Mr. McCann on these two individual defendants' behalf. Mr. McCann has consistently maintained he does not represent Michael.

**WHEREAS**, the Court then issued an Order to Show Cause on October 14, 2025 directing the McBride Defendants' former counsel, Mr. Gilberti, to appear and show cause concerning the Jardim Firm's representation of Michael (ECF No. 163); and

**WHEREAS**, Mr. Gilberti provided a written submission to the Court concerning his representation of Michael on October 31, 2025 (ECF No. 177) wherein he made several concerning admissions including the following:

- Mr. Gilberti was asked to represent all four of the McBride Defendants by Dorothy and agreed to represent them even though he was told by Dorothy that Michael "was, and had been, disabled for a substantial period of time and, at that time, was institutionalized."

- Without ever speaking with Michael, Mr. Gilberti concluded there was no conflict in representing all four of the McBride Defendants based upon his review of the Complaint, even though the Complaint alleged that (i) Dorothy wrongfully authorized a $50,000 welfare fund death benefit payment to Michael (who was known to be incompetent); (ii) Michael "was complicit" in authorizing the death benefits paid to him; and (iii) Michael accepted the death benefit payment with full knowledge he was not entitled to it.

- On July 14, 2023 Mr. Gilberti served certified interrogatory responses on behalf of all four of the McBride Defendants that included a statement that Michael "was a special needs child" and Dorothy "had not seen him in 25 or more years."

- Mr. Gilberti represented Michael even though he never communicated with him.

- The Jardim Firm "fulfilled [its] ethical obligations by proceeding as if [Michael was] competent and as if he had communicated with us by denying all allegations of liability" even though Mr. Gilberti was well aware that Michael was incompetent and had never communicated with him.

- The Jardim Firm did not seek the appointment of a guardian *ad litem* on behalf of Michael because "it would not have cured the fundamental problem: any cognitive problems, his inability to communicate, respond or provide information."

(*Id.*).

**WHEREAS**, all parties and current counsel, as well as Mr. Gilberti, appeared before the Court on November 5, 2025 wherein Mr. Gilberti provided the following salient information:

- He never once communicated with his purported client, Michael.

5

- The only authority he received to act on Michael's behalf came from Dorothy, whom he knew had not spoken with or seen Michael for 25 years.

- He took no further action to confirm Dorothy had authority to act on Michael's behalf.

- He knew, prior to filing the initial Answer on Michael's behalf, that Michael was incompetent, and that Dorothy had not spoken with him for more than 25 years.

- Despite the fact that Dorothy had not been in contact with Michael for more than two decades, Mr. Gilberti's primary source of information concerning Michael and his position in this case was Dorothy.

- He never considered that there might be a potential conflict between Michael, an incompetent individual, and his aunt, Dorothy, despite allegations in the Complaint that Dorothy wrongfully authorized a $50,000 welfare fund death benefit payment to her knowingly incompetent and institutionalized nephew, Michael, and that Michael was accused in the Complaint of being "complicit" in this fraud.

- He never verified whether Michael actually received the $50,000 death benefit.

- He never inquired as to whether anyone had any power of attorney over Michael.

- He never inquired as to whether Michael had a legal guardian, despite being aware he was institutionalized.

- He relied on information provided to him by Dorothy in formulating Michael's defense.

- He was aware that Dorothy was charged criminally in connection with the conduct that formed the basis for the instant civil action (although he did not represent her in the criminal case).

6

- When the Jardim Firm filed its motion to withdraw, Michael was never notified that counsel was seeking to withdraw, nor was Michael served with a copy of the motion papers, contrary to the explicit representations made in both the supporting Certification and the Certificate of Service.

- Despite the above, counsel's view was that he could represent Michael – without Michael's consent or the consent of a guardian or authorized power of attorney acting on his behalf – based exclusively upon his assessment (reached solely off information provided by Dorothy and documents produced during discovery) that Michael was not liable.

**WHEREAS**, during the November 5, 2025 proceeding, Mr. Gilberti stated, on the record, that when the Answer to the Amended Complaint was filed on behalf of the McBride Defendants without any counterclaims or cross-claims (ECF No. 39), it was the specific intent of the parties to abandon those counterclaims and cross-claims – despite Judge Kiel's Order at ECF No. 45 that seemingly preserved the McBride Defendants Cross-Claims against NGM; and

**WHEREAS**, the Court, having reviewed and considered the parties' submissions and the arguments made on the record on November 5, 2025; and for good cause shown:

**IT IS**, on this **17th** day of **November**, **2025** hereby **ORDERED** as follows:

1. The Court finds that Mr. Gilberti and the Jardim Firm did not have any authority to act on behalf of Michael and, accordingly, the pleadings ostensibly filed on his behalf by the Jardim Firm (ECF Nos. 19, 32, and 39) are hereby STRICKEN insofar as they pertain to Michael.

2. A review of the record indicates that Michael has never been served with the Summons

7

and Complaint in this matter.[2] Thus, he is not in default. Rather, Plaintiffs and the co-Defendants have failed to prosecute their claims against him.

3. Notwithstanding the above, all parties – inclusive of Plaintiff, NGM, and the other 3 McBride Defendants – confirmed on the record that they are voluntarily dismissing their claims against Michael.

4. Any Cross-Claims or counterclaims filed on Michael's behalf against the other parties were either (i) filed without his authorization, or (ii) abandoned. Therefore, there currently exist no valid Cross-Claims or counterclaims by Michael against any of the other parties.

5. As such, there are no pending claims against or by Michael, and he is dismissed from the action.

6. The parties shall resubmit the Stipulation of Dismissal previously submitted at ECF 121, omitting Michael's signature as it is no longer necessary, and fully executed by all other parties.

7. With regard to the pending/contemplated motions set forth in the parties' proposed final pretrial order submitted at ECF No. 166, as discussed during the conference:

    a. Discovery shall be re-opened for the limited purposes of (i) supplementing the three remaining individual Defendants' document production as needed; and (ii) allowing Plaintiffs an opportunity to review said production, take any necessary depositions relating to any new documents/information produced, and conduct any supplemental discovery needed in relation to the newly produced documents/information, as follows:

---

[2] The only executed returned summonses filed on the docket were for Dorothy (ECF No. 6), NGM (ECF No. 7), and Alison (ECF No. 12). No proof of service was ever filed for Michael or Justine.

      i. Dorothy, Alison, and Justine shall make any supplemental document production by **November 21, 2025**.

      ii. Any additional discovery or depositions necessitated as a result of this supplemental production shall be completed by Plaintiffs by **January 31, 2026**.

      iii. The above is intended to resolve Plaintiffs' proposed motion *in limine* to bar evidence not produced during discovery, without prejudice.

b. Plaintiffs' requested motion for injunctive and other relief relating to Dorothy's sale of her New Jersey home is DENIED without prejudice as premature because, it relates to post-judgment collection efforts.

c. Defendants Alison and Justine may file a motion for summary judgment, if desired, by **December 5, 2025**. Remaining briefing shall be submitted pursuant to the time frames set by applicable Court Rules.

8. There shall be a status conference before Magistrate Judge Adams on **February 11, 2026 at 2:00 p.m.** via video conference. Microsoft Teams login credentials will be provided. The parties shall submit a joint status update, no longer than 3 pages in length, at least 5 business days before the conference.[3]

**SO ORDERED.**

                                                    /s/ Stacey D. Adams
                                             STACEY D. ADAMS, U.S.M.J.

Orig: Clerk
cc: Parties
     Hon. Claire Cecchi, U.S.D.J.

---

[3] This is a different date than the January 30, 2026 date originally set at the conference, due to a scheduling conflict by the Court.